IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cr-00301-M-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MOHAMED MAGI ABUSNENA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant Mohamed Magi Abusnena's June 29, 2020 motion [DE-11] seeking revocation of the magistrate judge's pretrial-detention order entered June 15, 2020 [DE-10]. For the reasons that follow, Defendant's motion is DENIED.

I.  **Background**

On June 4, 2020, Defendant was charged by criminal complaint with possessing a firearm while a felon in violation of 18 U.S.C. § 922(g)(1). [DE-1] Following Defendant's arrest, the government moved for detention, and the magistrate judge entered an order of temporary detention and set a hearing regarding pretrial detention. [DE-3]

The pretrial-detention hearing took place on June 15, 2020. [DE-9] At the hearing, the government elicited the testimony of an agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and Defendant elicited the testimony of Defendant's uncle, into whose custody Defendant sought to be released until his trial. [DE-9] At the conclusion of the hearing, the magistrate judge found on the record that the evidence presented regarding the nature and circumstances of the offense charged, the weight of the evidence against Defendant, Defendant's history and characteristics, and the nature and seriousness of the danger to the community posed by the prospect of Defendant's release all weighed in favor of detaining

1

Defendant. The magistrate judge then concluded that the government had proven "[b]y clear and convincing evidence that no condition or combination of conditions [for Defendant's] release w[ould] reasonably assure the safety of . . . the community[,]" and ordered Defendant detained until his trial. [DE-10 at 2] Within the written order of detention pending trial, the magistrate judge stated that "[i]n addition to [his] findings made on the record at the hearing," Defendant should be detained because the "[w]eight of the evidence against the defendant is strong[.]" [DE-10 at 2]

Soon thereafter, Defendant moved this court to review the magistrate judge's decision pursuant to 18 U.S.C. § 3145(b).

**II. Analysis**

A person charged with a federal crime may be detained until their trial in order to reasonably assure that the person does not (1) flee before being tried for the crime charged or (2) endanger others or the community. 18 U.S.C. §§ 3142(a), (d), (e). While a person charged with an offense may be temporarily detained without a hearing, 18 U.S.C. § 3142(d), a longer detention requires that the person be given a pretrial-detention hearing at which they may petition the court to be released. 18 U.S.C. § 3142(f).

At a pretrial-detention hearing, the presiding judicial officer is statutorily required to consider the following factors "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community":

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The person opposing detention is "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." *Id.*

In seeking pretrial detention based upon the danger it believes that a defendant poses to others or to the community, the government carries the burden of establishing by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community. *United States v. Salerno*, 481 U.S. 739, 751 (1987). If the government satisfies its burden and "the judicial officer finds that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

When a detention order is entered by a magistrate judge, the detainee may file a motion with the appropriate district court seeking revocation of the order pursuant to 18 U.S.C. § 3145(b). The district court must then conduct a *de novo* review of the magistrate judge's decision. *United States v. Williams*, 753 F.2d 329, 333–34 (4th Cir. 1985). In conducting its review, the district court reviews the magistrate judge's findings based upon the evidence presented to the magistrate judge. *Id.* The district court also has the discretion to conduct an additional evidentiary hearing if it decides that another hearing would be useful. *Id.*

The court has reviewed the magistrate judge's June 15, 2020 pretrial-detention order [DE-10], Defendant's motion seeking revocation of that order [DE-11], the government's response to Defendant's motion [DE-16], and the record in this case, including an audio recording of the detention hearing. In its discretion, the court concludes that an additional evidentiary hearing would not be useful. The court also concludes that Defendant must be detained.

First, the court agrees with the magistrate judge's written order's finding that the "[w]eight of [the] evidence against [Defendant] is strong[.]" [DE-10 at 2] The government presented evidence at Defendant's hearing indicating that Defendant is a felon and that law-enforcement officers encountered him knowingly in possession of a firearm, which is a violation of 18 U.S.C. § 922(g)(1). Accordingly, "the weight of the evidence against" Defendant weighs in favor of his detention. 18 U.S.C. § 3142(g)(2).

Second, the "nature and circumstances of the offense charged," which "involves a . . . firearm," 18 U.S.C. § 3142(g)(1), also weigh in favor of detaining Defendant. The government presented evidence at Defendant's hearing indicating that law-enforcement officers heard multiple gunshots fired near an elementary school in a populated area moments before encountering Defendant in possession of the firearm which Defendant is charged with possessing, along with multiple spent shell casings.

Finally, Defendant's proximity to those gunshots, along with evidence of Defendant's "past conduct"—which the magistrate judge accurately described on the record at the hearing as both "erratic" and "dangerous"—demonstrate Defendant's dangerous "history and characteristics" and the "nature and seriousness of the danger to . . . the community that would be posed by [Defendant's] release[,]" 18 U.S.C. § 3142(g)(3)–(4), the final two factors that the court must consider. Indeed, the government presented evidence at Defendant's hearing tending to establish, *inter alia*, that: (1) Defendant is a former member of a foreign terrorist organization; (2) Defendant previously told federal agents that he planned to detonate a bomb at the headquarters of a local law-enforcement office, abduct law-enforcement officers, and decapitate

4

them, and was found in possession of documents indicating that this plan was in process; and (3) Defendant has, within the past month, posted videos to a social-media platform discussing overthrowing the federal government through violence.

Accordingly, all four of the 18 U.S.C. § 3142(g) factors weigh in favor of detention, and in light of these factors, the court concludes that the government has proven by clear and convincing evidence that no condition or combination of conditions for Defendant's release would reasonably assure the safety of the community. In reaching this conclusion, the court considered the testimony given by Defendant's uncle, and Defendant's arguments within his brief regarding, *e.g.*, Defendant's ties to the community. But the sum total of the countervailing considerations raised by Defendant fail to satisfy the court that there can be conditions imposed to reasonably assure the safety of the community in light of the convincing evidence of Defendant's dangerousness described above.

The court accordingly concludes that Defendant must be detained pending his trial, and that the magistrate judge correctly reached the same conclusion.

### III. Conclusion

Defendant's 18 U.S.C. § 3145(b) motion seeking revocation of the magistrate judge's order that Defendant be detained pending trial is DENIED.

SO ORDERED this the 30th day of June, 2020.

_____
RICHARD E. MYERS II
UNITED STATES DISTRICT JUDGE